# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS HOWARD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CFCF** | : | **NO. 19-4944** |

## MEMORANDUM

**Savage, J.**                                                              **December 11, 2019**

Plaintiff Chris Howard, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Curran-Fromhold Correctional Facility ("CFCF"). Howard also seeks leave to proceed *in forma pauperis*. We shall grant Howard leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## FACTS

In his vague complaint, Howard appears to be bringing constitutional claims under § 1983 based upon his conditions of confinement while incarcerated at CFCF in 2005. He alleges that he was "in a boat," an=qq"when the room was meant for two the boat was put in to make it a three man."[1] Howard also claims that he injured his pinky finger in an accident while "in a different cell room" with his cellmate and seeks "cash."[2]

Because it appears that he is not capable of paying the fees to commence this civil action, we grant Howard leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

---

[1] Compl. at 3 (Doc. No. 2). We adopt the pagination assigned to the complaint by the CM/ECF docketing system.

[2] *Id.* at 4.

governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6).

The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Howard is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Howard's claims are time-barred. He asserts claims based on acts and omissions that occurred beyond the statute of limitations.

The statute of limitations in a § 1983 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. 42 Pa. C. S. § 5524.

The Pennsylvania statute of limitations for personal injury actions begins to run when the plaintiff knows of his injury, its operative cause, and the causal connection of the injury to the operative cause. *Anthony v. Koppers Co.*, 425 A.2d 428, 431 (Pa. Super. 1980), *rev'd on other grounds*, 436 A.2d 181 (Pa. 1981). In most cases, knowledge of the injury and its cause are contemporaneous.

Here, the limitations period began to run when Howard "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). The conditions and injuries of which Howard complains were obvious and known when they occurred.

Howard complains of conditions at CFCF in 2005. He did not file this action until October 22, 2019, over fourteen years after his claims accrued. Therefore, his claims are time-barred.

## CONCLUSION

Because Howard's claims are time-barred, we shall dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Howard will not be granted leave to amend because amendment would be futile.